IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

UNITED STATES OF AMERICA,

v.

DARA BUCK,

    Defendant.

CASE NO.: 4:22-cr-65

**O R D E R**

    Defendant Dara Buck has filed a motion seeking compassionate release. (Doc. 48.) She contends that a reduction in her sentence is warranted due to: (1) her medical conditions considering the COVID-19 pandemic; and (2) her family circumstances. (Id.) The Court has reviewed the entirety of the record in this case and finds that Buck has failed to demonstrate that she exhausted her administrative remedies and has failed to set forth an extraordinary and compelling reason warranting a reduction in her sentence as required by 18 U.S.C. § 3582(c)(1)(A). Moreover, the factors set forth in 18 U.S.C. § 3553(a) weigh heavily against granting Buck compassionate release. Thus, the Court **DENIES** Buck's Motion, (doc. 48). The Court hopes Buck will spend her time in prison contemplating the wrongfulness of her conduct and seeking rehabilitation rather than attempting to shirk the responsibility of a sentence that she unquestionably deserves.

**BACKGROUND**

    Buck's conduct leading to her conviction and sentence in this case was quite serious. The Government accurately described the factual and procedural background of her conviction in its Response to her Motion:

> In July 2022, Buck waived indictment, and under a written plea agreement to an information, pled guilty to conspiracy to commit an offense against the United States, in violation of 18 U.S.C. § 371. (Docs. 1; 24; 28; 30; 40 ¶¶ 1-2.) With a total offense level of 27 and a criminal-history category of I, her prison range under the advisory sentencing guidelines was 70 to 87 months. However, because the statutorily authorized maximum sentence of five years was less than the minimum of the applicable guideline range, Buck's guideline term of imprisonment was 60 months. (Doc. 40 ¶¶ 30, 33, 51, 52.) In January 2023, the Court varied downward and sentenced Buck to 42 months' imprisonment. (Docs. 42; 44.)
>
> While serving as an active duty soldier in the United States Army (Chief Warrant Officer 2), Buck lead a prolific fraud scheme. (Docs. 1; 30; 40.) She and her co-conspirators submitted more than 150 fraudulent Payroll Protection Program loan applications for COVID-19 relief funds, as well as over a dozen fraudulent student loan discharge applications to the United States Department of Education. (Docs. 1 at 7, 9; 30 at 4, 6; 40 ¶¶ 7-11.) Based on the evidence in this case, in total, Buck was attributed with $5,025,424 in intended loss, and a staggering $3,680,247 in actual loss. (Doc. 40 ¶ 12.)
>
> And, Buck already received the benefit of her favorable plea bargain. Moreover, just four months ago, the Court varied downward and sentenced Buck to 42 months' imprisonment. (Doc. 44 at 2.) . . . Additionally, the Court showed more leniency when it allowed Buck to self-surrender to BOP instead of remanding her into custody at the sentencing hearing.

(Doc. 49, pp. 1, 13—14.) Buck filed her instant Motion for Compassionate Release on May 11, 2023, and the Government timely filed a Response opposing Buck's Motion, (doc. 49).

## DISCUSSION

The First Step Act provides a narrow path for a district court to reduce the sentence of a criminal defendant where there are "extraordinary and compelling reasons" to do so. 18 U.S.C. § 3582(c)(1)(A)(i). Prior to the passage of the First Step Act, only the Director of the BOP could file a motion for compassionate release in the district court. The First Step Act modified Section 3582(c)(1)(A) to allow a defendant to move a federal district court for compassionate release. However, there are four prerequisites to a court's granting compassionate release under the First Step Act. First, the defendant must have exhausted her administrative rights with the BOP. Id. Second, the court must find that "extraordinary and compelling reasons warrant" release. 18

U.S.C. § 3582(c)(1)(A)(i).  Third, the court must consider the factors set forth in 18 U.S.C. § 3553(a). 18 U.S.C. § 3582(c)(1)(A).  Fourth, the court must find that release is consistent with the Sentencing Commission's policy statements.  18 U.S.C. § 3582(c)(1)(A).  "The defendant generally bears the burden of establishing that compassionate release is warranted." United States v. Smith, No. 8:17-CR-412-T-36AAS, 2020 WL 2512883, at *2 (M.D. Fla. May 15, 2020) (citing United States v. Hamilton, 715 F.3d 328, 337 (11th Cir. 2013)).

I.      **Buck Failed to Demonstrate she Exhausted her Administrative Remedies.**

The United States argues that Buck cannot meet the first of these requirements—exhaustion of administrative remedies—because she has failed to demonstrate that she presented her request for release to the Warden or anyone within the BOP.  (Doc. 49, pp. 6—7.)  Section 3582(c)(1)(A) prescribes that a defendant may file a motion for compassionate release only "after [she] has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . ."  18 U.S.C. § 3582(c)(1)(A).  Buck has made no mention whatsoever of any efforts to seek relief within the BOP.  Because Buck did not provide BOP with an "opportunity to assess" the arguments she now raises before seeking relief from this Court, she failed to exhaust her administrative remedies.  See, Order United States v. Heller, 2:18-CR-56 (S.D. Ga. Nov. 2, 2020) ECF No. 423, p. 4.

The Court cannot grant Buck compassionate release until she "has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on [her] behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier."  18 U.S.C. § 3582(c)(1)(A).  In the face of the Government's Response,

Buck has failed to demonstrate that she fulfilled this basic requirement before bringing her Motion for Compassionate Release.

## II. Buck has not Demonstrated Extraordinary and Compelling Reasons Warranting Release.

Even if she had exhausted her administrative remedies, the Court may only grant Buck compassionate release and reduce her sentence if it finds that "extraordinary and compelling reasons" warrant such a reduction and that the reduction is "consistent with applicable policy statements issued by the [United States] Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). Section 1B1.13 of the Sentencing Guidelines provides the applicable policy statement, explaining that a sentence reduction may be ordered where a court determines, upon consideration of the factors set forth in 18 U.S.C. § 3553(a), that "extraordinary and compelling reasons" exist and the defendant does not present a danger to the safety of any other person or the community. U.S. SENTENCING GUIDELINES MANUAL § 1B1.13 (U.S. SENTENCING COMM'N 2018). The application notes to this policy statement list three specific examples of extraordinary and compelling reasons to consider reduction of a defendant's sentence under Section 3582(c)(1)(A): (1) a medical condition; (2) advanced age; and (3) family circumstances. Id. at § 1B1.13 cmt. n.1(A)–(C). A fourth catch-all category provides: "As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with," the aforementioned three categories. Id. at § 1B1.13 cmt. n.1(D).

In United States v. Bryant, 996 F.3d 1243, 1252—62 (11th Cir. 2021), the United States Court of Appeals for the Eleventh Circuit held that a district court may not reduce a sentence under Section 3582(c)(1)(A) unless a reduction would be consistent with Section 1B1.13's definition of extraordinary and compelling reasons. The court in Bryant further concluded that the fourth catch-all provision in the commentary to Section 1B1.13 does not grant district courts the discretion to

develop other reasons outside those listed in Section 1B1.13 that might justify a reduction in a defendant's sentence. Bryant, 996 F.3d at 1265.

Buck attempts to invoke the "medical conditions" category of extraordinary and compelling reasons by arguing that her medical history places her at an increased risk of becoming seriously ill from COVID-19. However, as the United States correctly points out, Buck's conditions do not constitute an extraordinary and compelling circumstance warranting her release because her medical records reveal that her medical conditions do not substantially diminish her ability to provide self-care in prison. (See doc. 49, pp. 7—10.) Furthermore, the Government's response reveals that the BOP is taking numerous precautions against transmission of the virus that causes COVID-19 and the medical records reveal that BOP is providing Buck more than adequate medical treatment, including vaccinations. Indeed, Buck has not only been vaccinated against the virus that causes COVID-19 but she has already contracted the virus and recovered from it.

Buck also attempts to invoke the "family circumstances" provisions of Section 1B1.13. There are two categories of family circumstances that qualify: "(i) The death or incapacitation of the caregiver of the defendant's minor child or minor children [;or] (ii) [t]he incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner." U.S.S.G. § 1B1.13, n. l(C). "The BOP offers further guidance on the application of the family circumstances category in Program Statement § 5050.50. '[I]n the case of an incapacitated family member caregiver, the [defendant] must provide, inter alia, verifiable medical documentation of the incapacitation, a clear statement and documentation of a release plan, and letters or documentation confirming that the family member was, in fact, caring for the child while the [defendant] was in prison and immediately prior to the incapacitation

5

and that the family member is the only family member caregiver capable of caring for the [defendant's] children.'" United States v. Spencer, No. CR 418-171, 2021 WL 43999, at *3 (S.D. Ga. Jan. 5, 2021) (quoting United States v. Lambert, No. CR 116-079, 2020 WL 5949627, at *2 (S.D. Ga. Oct. 7, 2020)). Buck has provided scant evidence that she is the only family member capable of caring for her children. She states that her aunt is recovering from cancer and is currently caring for her three minor children. (Doc. 48, p. 1.) However, Buck provides no specifics, much less documentation, regarding this allegation. Indeed, it appears from Buck's statements that despite her aunt's condition, she is currently not incapacitated and that she is capable of caring for Buck's children.

### III. The Section 3553(a) Factors Weigh Heavily Against Buck's Request.

Moreover, even if Buck had demonstrated an extraordinary and compelling reason for compassionate release, the Court could only grant such compassionate relief "after considering the factors set forth in section 3553(a)." 18 U.S.C. § 3582(c)(1)(A); see also, United States v. Webster, No. 3:91CR138, 2020 WL 618828, at *5–6 (E.D. Va. Feb. 10, 2020) (denying defendant compassionate release even though defendant's terminal cancer presented extraordinary and compelling grounds for relief because the purposes of sentencing weigh against compassionate release and noting "[e]ven if a defendant meets the eligibility criteria for compassionate release, the Court retains discretion over whethis to grant that relief."). Pursuant to Section 3553(a), federal courts must impose sentences "sufficient, but not greater than necessary" to satisfy the purposes of sentences. 18 U.S.C. § 3553(a). To that end, courts must consider:

1. the nature and circumstances of the offense and the history and characteristics of the defendant;
2. the need for the sentence imposed –
   a. to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
   b. to afford adequate deterrence to criminal conduct;

      c. to protect the public from further crimes of the defendant; and
      d. to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
3.    the kinds of sentences available;
4.    the kinds of sentences and the sentencing range established for [the applicable offense category as set forth in the guidelines];
5.    any pertinent policy statement ... by the Sentencing Commission;
6.    the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
7.    the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).

An evaluation of these factors weighs heavily against Buck's request for compassionate release. The charge Buck plead guilty to is a serious crime for which she received a substantial but justified sentence. Indeed, it is galling that Buck now raises COVID-19 as a reason to release her from prison when the charges against her arose from her taking advantage of the Government's benevolence and stealing money designated to lessen the devastating impacts of COVID-19. Moreover, Buck's sentence was far less than it could have been but for the generous plea offer from the Government and the Court's granting of a downward variance. Allowing her release particularly less than a year after her sentencing would not reflect the seriousness of her conduct, would not serve the needs of general and specific deterrence, would not protect the public, and would create significant sentencing disparities between her and other defendants who have been found guilty of similar conduct. 18 U.S.C. § 3553(a)(6). In sum, the Court has reviewed all the Section 3553(a) factors and finds that they warrant the denial of Buck's motion for compassionate release.

## CONCLUSION

For all these reasons as well as those stated by the United States in its Response, the Court **DENIES** Defendant Buck's Motion for Compassionate Release, (doc. 48).

**SO ORDERED**, this 30th day of June, 2023.

_____
R. STAN BAKER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA