**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION**

UNITED STATES OF AMERICA,

     v.

                               CASE NO.: 4:22-cr-65

DARA BUCK,

       Defendant.

# O R D E R

Defendant Dara Buck has filed two pleadings which the Court construes as Motions for Compassionate Release.  (Docs. 53, 55.)  For the reasons set forth below and those stated in the Government's Responses, (docs. 54, 59), the Court **DENIES** Buck's Motions.

The Court previously denied Buck's first Motion for Compassionate Release.  (Doc. 52.)  In that Order, the Court explained that Buck failed to meet the prerequisites of 18 U.S.C. § 3582(c)(1)(A), because she failed to show that she exhausted her administrative remedies, she failed to prove an extraordinary and compelling reason for her release, and the factors set forth at 18 U.S.C. § 3553(a) weigh heavily against her release.  (Id. at pp. 3—7.)

In her recent filings, Buck attempts to address one of these failures by arguing that her prior release is warranted due to her family members' inability to care for her children.  Indeed, "[t]he death or incapacitation of the caregiver of the defendant's minor child or minor children" qualifies as an "extraordinary and compelling reason" for Section 3582(c)(1)(A) relief.  U.S.S.G. § 1B1.13, app. n. 1(C)(i).  The Court is not insensitive to the hardship that Buck's criminal conduct has brought upon her children.  However, the scant evidence Buck provides does not sufficiently prove her claims of the caregivers' incapacitation.  See United States v. Granda, 852 F. App'x 442, 446

(11th Cir. 2021) ("it was [the defendant's] burden to show that his circumstances warranted a reduction."); United States v. Spencer, No. CR 418-171, 2021 WL 43999, at *3 (S.D. Ga. Jan. 5, 2021) ("Defendant has failed to provide sufficient evidence that he is the only family member caregiver capable of carrying for his children."); United States v. Bowers, No. CR 220-030, 2021 WL 1187080, at *3 (S.D. Ga. Mar. 29, 2021) (defendant failed to demonstrate "extraordinary and compelling" reason where he admitted "he is not the only available caregiver for his children"); United States v. Lambert, No. CR 116-079, 2020 WL 5949627, at *2 (S.D. Ga. Oct. 7, 2020) (defendant presented no verifiable evidence of incapacitation for the caregiver of his minor children).

Moreover, even if Buck presented an extraordinary and compelling reason, she has failed to satisfy the other requirements of Section 3582(c)(1)(A). The Court cannot grant Buck compassionate release until she "has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on [her] behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). Buck has not shown that she fulfilled this basic requirement before bringing her Motions for Compassionate Release. Because Buck has not shown that she provided BOP with an "opportunity to assess" the arguments she now raises before seeking relief from this Court, she failed to exhaust her administrative remedies. See, Order United States v. Heller, 2:18-CR-56 (S.D. Ga. Nov. 2, 2020) ECF No. 423, p. 4.

Furthermore, the Court explained in its prior Order why the factors set forth at 18 U.S.C. § 3553(a) weigh heavily against Buck's early release. (Doc. 52, pp. 6—7.) That analysis applies with equal force to Buck's recent Motions. Even taking her factual contentions at face value, allowing her release at this juncture would not reflect the seriousness of her conduct, would not

serve the needs of general and specific deterrence, would not protect the public, and would create significant sentencing disparities between her and other defendants who have been found guilty of similar conduct.  18 U.S.C. § 3553(a)(6).  In sum, the Court has reviewed all the Section 3553(a) factors and finds that they warrant the denial of Buck's motions for compassionate release.

For all these reasons, the Court **DENIES** Buck's Motions for Compassionate Release. (Docs. 53, 55.)

**SO ORDERED**, this 25th day of October, 2023.

_____
R. STAN BAKER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA